IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jamel A. Washington, ) | C/A NO. 3:11-1342-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| City of Columbia, David J. Asbill, and ) | |
| Paul Myers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the count on Plaintiff's motion to extend the time to serve Defendant Asbill. This case arose from an alleged incident on February 15, 2009. Plaintiff filed suit in state court on February 10, 2011, naming Defendants City of Columbia (City), and individual City of Columbia Police Officers Asbill, Myers, and John Doe. Plaintiff asserts two causes of action under 42 U.S.C. § 1983 against the individual defendants and one state law cause of action against Defendant City.

On June 2, 2011, Defendant Myers removed this matter to this court from the Richland County, South Carolina, Court of Common Pleas with consent of Defendant City. Plaintiff has now moved to extend the time to serve the complaint on Defendant Asbill, who "upon information and belief is on active duty overseas in the United States Army." Mot. at 1 (Dkt. #12, filed June 9, 2011). There is no indication when Asbill was called to active duty, nor when his release from active duty is contemplated. Plaintiff's motion indicates that he "cannot effectively prosecute this action without the availability of Defendant David J. Asbill[,]" and he seeks an extension of time

1

in which to serve Asbill "until he returns from overseas or voluntarily avails himself to this Court either personally or through an attorney." *Id.* at 2.

The Servicemembers' Civil Relief Act, 50 App. USCA § 501 *et seq.*, provides the time period of an individual's "military service may not be included in computing any period . . . for the bringing of any action or proceeding in a court . . . against the servicemember . . . ." § 526(a).[1] Additionally, the Act provides that a stay of an action against someone on active duty may be made by a court for the period of military service and 90 days thereafter, or for any part thereof. § 525(a). However, Plaintiff can proceed against the City and the other individual co-defendants unless a judgment against a non-military co-defendant would affect Asbill's interests. § 525(b).

Plaintiff's motion is **granted** and the time in which Plaintiff may serve Defendant Asbill is extended for the period of his miliary service and ninety (90) days thereafter. Plaintiff's counsel shall provide this court a status report on or by **December 16, 2011**, regarding Defendant Asbill's military service.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 20, 2011

---

[1] "Military service" in this statute means active duty.

2